UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON JONES, | ) | Case No.: 5:11CR536 |
| | ) | 5:15CV893 |
| Petitioner | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent | ) | |
| | ) | |

This matter comes before the Court on a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons stated below, the Motion (ECF # 504) is DENIED.

**Factual and Procedural Background**

On November 22, 2011, a multi-defendant, multi-count indictment was filed with a federal Grand Jury in the Northern District of Ohio, Eastern Division, charging the petitioner, Brandon Jones, and numerous others, with conspiracy to possess with intent to distribute cocaine and cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count 1), and with being a felon in possession of firearm, in violation of 18 U.S.C. §922(g)(1) (Count 27). (ECF #12).

On August 17, 2012, Jones, represented by defense attorney Edwin J. Vargas, entered a guilty plea to Count 1 of the indictment pursuant to a written plea agreement with the United States. (ECF #206). Prior to Jones accepting the plea, the government filed information, which notified Jones of its intent to seek an enhanced statutory sentence

1

based on his prior convictions. The Plea Agreement stipulated, "[Jones] may be classified as a career offender based upon his prior criminal record" (ECF #206) and that Jones' adjusted offense level may increase as a result. Jones initialed the agreement and acknowledged in Court that his acceptance was "knowingly, voluntarily, and of his own free will." (ECF #344). On December 18, 2012, Jones was sentenced to 120 months imprisonment, followed by six years of supervised release. (ECF #383). Count 27 was subsequently dismissed as a result of the collaborative efforts between attorney Vargas and the government.

On appeal, Jones did not argue his career offender status, but instead disputed that the Court treated his criminal history category as mandatory rather than discretionary. On April, 1, 2014, the Sixth Circuit affirmed judgment and sentence. On April 28, 2015, Jones timely filed the instant Motion to Vacate, wherein he asserts that his counsel was ineffective. (ECF #504). The United States filed a Response in Opposition to Petitioner's Motion on June 1, 2015. (ECF #512 ).

## Discussion

Jones seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which states, in pertinent part:

> A prisoner in custody under sentence of a court...claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States...may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To prevail on a § 2255 motion, the petitioner must prove by a preponderance of the evidence that his constitutional rights were denied or infringed. *United States v. Wright*, 624 F.2d 557, 558 (5th Cir. 1980). It is well settled that a proper § 2255 motion does not

reach alleged errors that are not of a constitutional or jurisdictional magnitude and that could have been reached by a direct appeal. *Stone v. Powell*, 428 U.S. 465, 477 (1976). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 156 (1982). "Once the defendant's chance to appeal has been waived or exhausted...we are entitled to presume he stands fairly and finally convicted." *Id*. at 164.

In order to vacate, set aside, or correct a sentence based on the Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the Petitioner must (1) show that the counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. In attempting to establish that an attorney's performance was deficient, Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. To demonstrate prejudice, the Petitioner must show that "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceedings would have been different." *Id*. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Id*. Further, the Court must recognize that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690.

Jones argues that he received constitutionally ineffective assistance of counsel due to Attorney Vargas' failure to object to the use of his prior convictions for purposes of career offender designation and the §851 enhancement to his sentence. (ECF #504)

Further, Jones claims Attorney Vargas failed to raise this issue on his direct appeal. Jones claims Attorney Vargas gave him unreasonable advice to accept the plea and its waiver provisions and that but for the unreasonable advice of his attorney he would not have accepted the plea.

Attorney Vargas filed an extensive sentencing memorandum in which he objected to the career offender designation (ECF #274) with supporting documentation. During sentencing, Attorney Vargas also raised objections regarding the calculation of Jones' criminal history and explained how Jones' difficult childhood affected his behavior (ECF #383). The Court's rejection of Attorney Vargas' objections does not render his assistance constitutionally deficient. Count 27 was dropped as a result of Attorney Vargas' work on behalf of Jones. Further, at Attorney Vargas' proposal, the Court considered a range of 120-150 months, rather than the 158-235 months suggested by the Presentencing Report, and imposed only the minimum sentence of 120 months. (ECF #512)

After reviewing the record of this case, the Court concludes that Attorney Vargas' performance did not fall below the objective standard of reasonableness called for in *Strickland*. Rather, the record reveals that Attorney Vargas acted diligently and professionally on Petitioner's behalf. Petitioner's claims fail the first prong of the *Strickland* test. As a result, Petitioner's claims of ineffective assistance of counsel are denied.

### Evidentiary Hearing is Unnecessary

Pursuant to 28 U.S.C. § 2255, the district court shall "grant a prompt hearing" to address a prisoner's claims "unless the motion and the files and the records of the case

conclusively show that the prisoner is entitled to no relief." A petitioner is entitled to an evidentiary hearing under § 2255 only if the court determines such a hearing is necessary.

After thorough review of the record, this Court has determined that Jones has not met his burden, by the preponderance of the evidence, and his motion is denied, without the necessity of an evidentiary hearing. See Bryan v. United States, 721 F.2d 572 (6th Cir. 1983), cert. denied, 465 U.S. 1038 (1984).

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

(A) the final order in a habeas corpus proceeding in which the detention complains of arises out of process issues by a State court; or

(B) the final order in a proceeding under § 2255

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether...the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

When a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying

constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, a reasonable jurist could not conclude that dismissal of the Petition is in error or that Petitioner should be permitted to proceed further. Further, to the extent that Petitioner's claims were also rejected on the merits, reasonable jurists could not find the assessment of Petitioner's constitutional claims to be debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

## Conclusion

For the foregoing reasons, Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF #504) is DENIED in its entirety and the Motion is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. 22(b).

IT IS SO ORDERED.

DATED: June 16, 2015

DONALD C. NUGENT
United States District Judge